FILED
United States Court of Appeals
Tenth Circuit

January 11, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DENNIS JOY,

    Plaintiff - Appellant,

v.

PETER J. YOUNG, and Does 1-100
inclusive,

    Defendant - Appellee.

No. 21-8034
(D.C. No. 2:20-CV-00112-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Dennis Joy brought an action against Peter J. Young alleging legal malpractice

and other claims.  The district court granted summary judgment in favor of Young.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

### I.    Background

Joy retained Young, an attorney, to work on a variety of legal matters from

2009 to 2018.  He filed this action against Young in 2020.  Young moved for

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

summary judgment, arguing Joy's claims were time-barred and otherwise failed because Joy had not designated an expert witness to testify regarding the standard of care in the legal profession and causation. Joy conceded Young's summary judgment motion on all claims except a legal malpractice claim related to Joy's retention of Young in 2009 to represent him in a wrongful termination action against Brandon Construction. Young did not file suit on that matter until December 2017, by which time Brandon Construction had dissolved, and no assets or insurance remained to satisfy a judgment.

The district court granted summary judgment in favor of Young. It first held there was a factual dispute regarding whether Joy's remaining malpractice claim was timely filed. It also held that expert testimony was not required on the standard of care in the legal profession "because a lay person can easily intuit that waiting more than nine years to file a complaint, misleading a client for the duration as to the status of the case, and allowing the defendant company to dissolve in the meantime amounts to malpractice." Aplt. App. at 188. But the court held that expert testimony was required on the question of causation, and because Joy failed to designate such an expert, his malpractice claim failed as a matter of law.

## II.    Discussion

There is no dispute that Joy did not designate an expert on causation. On appeal, he contends that (1) the burden on summary judgment never shifted to Joy because Young did not retain an expert to affirmatively demonstrate the lack of a

2

material factual dispute regarding causation, and (2) the common-sense exception to the expert-testimony requirement applies to the issue of causation in this case.

We review a summary-judgment ruling de novo and apply the same standards as the district court. *Aguilar v. Mgmt. & Training Corp.*, 948 F.3d 1270, 1276 (10th Cir. 2020). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Wyoming law, a plaintiff asserting a legal malpractice claim must prove "(1) the accepted standard of care in the legal profession; (2) the attorney's conduct departed from that standard; and (3) the attorney's conduct was the legal cause of the plaintiff's injuries." *Scranton v. Woodhouse*, 463 P.3d 785, 791 (Wyo. 2020) (internal quotation marks omitted). "To establish . . . whether the breach was the proximate cause of the injuries, a party will typically need to present expert testimony," which "is necessary because most lay people are not competent to pass judgment on legal questions." *Id.* (internal quotation marks omitted). But expert testimony may not be required "when a lay person's common sense and experience are sufficient to establish" the elements of a legal malpractice action. *Id.* (internal quotation marks omitted).

Joy first argues the district court erred in granting Young summary judgment because, as the movant, Young failed to satisfy his initial burden to come forward with expert testimony affirmatively demonstrating the lack of a material factual dispute regarding causation. Absent such expert evidence, Joy maintains that the

3

district court erred by shifting the burden on summary judgment to him.  For this proposition Joy cites several Wyoming state-court decisions, including *Meyer v. Mulligan*, 889 P.2d 509, 516 (Wyo. 1995), which held that the defendant in a legal malpractice case "was required to provide expert evidence on the lack of proximate cause to succeed at summary judgment."

Young contends we should not consider this argument because Joy raises it for the first time on appeal.  Joy does not provide a citation to the record indicating where this issue was raised and ruled on in the district court, as required by Tenth Circuit Rule 28.1(A), and our review of his filings in response to Young's summary judgment motion confirms that he did not make this argument in the district court. The issue is therefore forfeited.  *See Richison v. Ernest Grp., Inc.* 634 F.3d 1123, 1128 (10th Cir. 2011) ("[I]f the theory simply wasn't raised before the district court, we usually hold it forfeited.").  "[W]e will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result."  *Id.*  But Joy "hasn't even attempted to show how his new legal theory satisfies the plain error standard."  *Id.* at 1130-31.  And his failure to do so "marks the end of the road for [his] argument for reversal not first presented to the district court."  *Id.* at 1131.

Joy alternatively argues that the district court erred because this case falls within the common-sense exception to the expert-testimony requirement as to proof that Young's conduct proximately caused his damages.  To satisfy the causation element, Joy had to prove that his underlying wrongful-termination action against

4

Brandon Construction would have been successful.  *See Scranton*, 463 P.3d at 791.

This is so because "[t]he damages available to an aggrieved client from a negligent

attorney are the amount the client would have expected to recoup if his underlying

action had been successful."  *Id.*

The district court held that the common-sense exception did not apply to the

causation issue, and Joy's legal malpractice claim against Young therefore failed as a

matter of law because he presented no expert testimony on that element.  It noted that

Joy "only offer[ed] a conclusory statement that the claim is subject to [the]

common-sense exception," and it rejected his assertion that Young's filing of a

complaint against Brandon Construction was itself "a reliable indication of the case's

likelihood of success."  Aplt. App. at 189.  Thus, Joy failed to show "how . . . a lay

person could effectively judge the success of the wrongful termination action."  *Id.*

Joy demonstrates no error in the district court's grant of summary judgment in

favor of Young.  He again points solely to Young's filing of the complaint against

Brandon Construction, but he cites no authority contrary to the district court's

conclusion that the filing of a complaint is not sufficient to prove that an action will

ultimately be successful.  Rather, it is clear that whether Joy's claim against Brandon

Construction would have succeeded requires evaluation of questions not within the

competence of lay persons, including the legal effect of Young's filing of the

complaint in 2017 rather than 2009 and whether Joy was, in fact, wrongfully

terminated.  *Cf. Scranton*, 463 P.3d at 791 n.1 (requiring expert testimony on

causation because evaluation of the likely success of the underlying action before an

administrative tribunal required an understanding of administrative procedures, rules of admissibility of evidence, rules of the tribunal, and available legal defenses); *Meyer*, 889 P.2d at 516 (requiring expert testimony on causation because question whether the defendant attorney "could have drafted the documents [in the underlying matter] differently so that this dispute and its damaging effects would have been avoided is not a question that lay people could competently determine").  Therefore, the district court did not err in holding that Joy's malpractice claim against Young failed as a matter of law because he could not prove causation in the absence of expert testimony.

### III.    Conclusion

We affirm the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge